UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00037-GNS

WESTFIELD INSURANCE COMPANY     PLAINTIFF

v.

AMY L. HARRINGTON, as Administratrix
of the Estate of Aniceto Lopez Perez, et al.     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 15). This motion is now ripe for adjudication. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

Defendant Amy Harrington ("Harrington"), as Administratrix of the Estate of Aniceto Lopez Perez ("Perez"), filed suit in Kentucky (Hart County) Circuit Court alleging that Perez was stabbed by employees of Paul Dennison ("Dennison") or Dennison's Roadside Market ("Market") on Dennison or his Market's property. (Compl. ¶ 9, DN 1). Perez later died as a result of his injuries. Plaintiff Westfield Insurance Company ("Westfield") insured Dennison. (Compl. Ex. A, at 1, DN 1-2). Westfield brought this action, seeking a declaratory judgment from this Court that it "has no duty to pay or extend coverage or a defense to [anyone] for any damages" as a result of Harrington's state court action against Dennison and his Market. (Compl. 11).

### II. DISCUSSION

Harrington moves to dismiss Westfield's declaratory judgment action, contending that the Court should decline to exercise jurisdiction over this litigation in light of the related case pending in Hart Circuit Court. (Def.'s Mot. Dismiss 1-2, DN 15).

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A court's exercise of jurisdiction under the Declaratory Judgment Act, however, is discretionary—not mandatory. *See Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). When deciding if a declaratory ruling is appropriate, a court should consider whether the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *See Grand Trunk W. R. Co. v. Consol. R.R. Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit has outlined the following five factors to determine whether a district court should exercise jurisdiction over a request for a declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.*; *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 564 (6th Cir. 2008). The *Grand Trunk* factors embody three main principles: efficiency, fairness, and federalism. *See W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citation omitted).

A. **Settlement of the Controversy and Clarification of Legal Relations**

In insurance coverage cases, most courts consider the first two *Grand Trunk* factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 555 (citations

omitted). Ultimately, "a declaratory judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co. v. Johnson*, No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. Dec. 2, 2014) (internal quotation marks omitted) (citations omitted).

In *Scottsdale Insurance Co. v. Flowers*, the Sixth Circuit explained that "[t]wo lines of precedent seem to have developed in our jurisprudence regarding consideration of this first factor in the context of an insurance company's suit to determine its policy liability." *Flowers*, 513 F.3d at 555. The competing lines of precedent are represented on one hand by the decision in *Bituminous Casualty Corp. v. J & L Lumber Co.*, where the Sixth Circuit found that the first two factors favored dismissal, and on the other hand by the decision in *Northland Insurance Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448 (6th Cir. 2003), where the Sixth Circuit found that the first two factors favored retention of the case. *See Bituminous*, 373 F.3d at 814; *Northland*, 327 F.3d at 454.

The instant case bears some similarity to *Northland*. Like in *Northland*, Westfield "[i]s not a party to the state court action . . . ." *Northland*, 327 F.3d at 454. In fact, Westfield attempted to intervene in the state court action but was prevented from doing so by the trial court. (Def.'s Mot. Dismiss Ex. 3, at 2-5, DN 15-3; Def.'s Mot. Dismiss Ex. 4, at 2, DN 15-4). Additionally, "the scope of insurance coverage . . . [is not] before the state court." *Northland*, 327 F.3d at 454. That being said, the instant case is also analogous to *Bituminous*. It appears likely that the scope of coverage issues will ultimately require crossover between the facts and circumstances attendant to the state court action. *Bituminous*, 373 F.3d at 813-14; *Everett Cash Mut. Ins. Co. v. Mann*, No. 1:17-CV-00201-GNS, 2019 WL 267734, at *2 (W.D. Ky. Jan. 18, 2019).

In the Hart Circuit Court action, Harrington filed suit against Dennison, his Market, and other "Unknown Defendants" asserting claims of negligence. (Def.'s Mot. Dismiss Ex. 1, ¶¶ 13-17, DN 15-1). Before this Court, Westfield argues that it does not have to provide coverage to anyone as a result of the subject incident. Westfield identifies twelve different ways in which coverage would not apply. (Compl. ¶¶ 16-47). Although it may be possible in some cases to determine the application of coverage without delving into the facts and circumstances surrounding the incident and the relationships between the relevant actors, the coverage questions will almost certainly overlap with the underlying claim. Most of the coverage exclusions require knowledge of the facts giving rise to the incident sought to be covered. For example, the policy provides coverage only for "bodily injury" caused by an "occurrence[.]" (Compl. ¶¶ 21-22; Compl. Ex. A, at 86). The policy defines "occurrence" to "mean[] an accident . . . ." (Compl. Ex. A, at 102). Determining whether the act giving rise to the injury constitutes a covered "occurrence" requires examining the events surrounding the injury suffered by Plaintiff's decedent, which is exactly what the Hart Circuit Court must do in determining whether Dennison is liable for negligence in the state court action. This factual crossover prevents the Court from saying with assurance that it can "engage in fact-finding that does not affect the parties in the underlying action[,]", or that this action will "not require th[is] court to inquire into matters being developed through state court discovery." *Johnson*, 2014 WL 6804284, at *2; *Flowers*, 513 F.3d at 556. Consequently, this factor appears to favor dismissal.

Throughout its response, Westfield stresses that the Hart Circuit Court's denial of its motion to intervene suggests that Court found little to no overlap between the issues arising in the underlying state court action and this action, and, as such, this Court should be guided by that finding. That is an assumption this Court is unwilling to make. Under Kentucky Rules of Civil

4

Procedure ("CR") 24.01 and 24.02, intervention is either mandatory or permissive. Intervention is of right "when a statute confers an unconditional right to intervene, or . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties." CR 24.01(1). Because the Hart Circuit Court summarily rejected Westfield's motion in a one-sentence order, the basis for its ruling is unclear. (Def.'s Mot. Dismiss Ex. 4, at 2). It appears uncertain that the state procedural requirements are met. Moreover, permissive intervention is entirely within the discretion of the judge, so no assumptions can be made as to why the Hart Circuit Court denied permissive intervention. CR 24.02. The Court finds no guidance from the Hart Circuit Court's order on the issue of whether the first two *Grand Trunk* factors favor retaining or dismissing this case.

  **B.**  **Race for Res Judicata**

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. The Sixth Circuit has explained that this analysis is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id*. (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). Where there is no direct evidence in the record to suggest a declaratory action was motivated by such "procedural fencing," courts "are reluctant to impute an improper motive to a plaintiff." *Id*. (citations omitted). As the Sixth Circuit has noted, "[a] district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of a federal rather than a state court, a choice given

5

by Congress.'" *Flowers*, 513 F.3d at 558 (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)).

In the instant case, Westfield filed its declaratory judgment action after the state court action was filed. (Def.'s Mot. Dismiss Ex. 3, at 2-6). Only when the state court denied Westfield's motion to intervene in the pending case did Westfield file the present action. (Def.'s Mot. Dismiss Ex. 4, at 2). Thus, Westfield clearly cannot be said to have made any attempt to beat the other parties to the federal courtroom door to gain some procedural advantage. "Absent some indication of an improper motive in the record, this third factor does not point toward denying jurisdiction." *Scottsdale*, 513 F.3d at 559. As such, the third factor "is considered to be neutral with respect to the determination of whether to exercise jurisdiction." *Mann*, 2019 WL 267734, at *3.

### C. Increased Friction Between Federal and State Courts

Fourth, the Court must consider "whether accepting jurisdiction would increase friction between federal and state courts." *Scottsdale*, 513 F.3d at 559. "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). There are three sub-factors this Court must consider:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

"First, the Court must determine whether the state court's resolution of the factual issues in the case is necessary to the district court's resolution of the declaratory judgment." *Flowers*, 513 F.3d at 560. In cases seeking a declaration regarding "the scope of insurance coverage," the Sixth Circuit has "recognized that such questions can sometimes be resolved as a matter of law and do not require factual findings . . . ." *Id*. (citing *Stewart Title*, 327 F.3d at 454; *Green*, 825 F.2d at 1067). As concluded earlier, a complete picture of the facts and circumstances surrounding the incident would likely help clarify the applicability of coverage. As such, this sub-factor weighs toward dismissal.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id*. at 560. "Generally, state courts are better situated than federal courts to resolve disputes over state regulated insurance contracts and novel questions of state law." *Arrowood Indem. Co. v. Drees Co.*, No. 14-169-DLB-CJS, 2015 WL 136107, at *7 (E.D. Ky. Jan. 9, 2015) (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous*, 373 F.3d at 815-16). Courts have also noted, however, that "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561; *compare Stewart Title*, 327 F.3d at 454 (reasoning that because the declaratory plaintiff-insurer was not a party to the state court action, and the issues before the federal court were not before the state court, the principles of comity would not be offended), *with Flowers*, 513 F.3d at 561 ("Despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case."). Because state courts are generally better situated than federal courts to resolve disputes over insurance contracts, and

because this case boils down to insurance contract interpretation under Kentucky law, this factor weighs in favor of declining jurisdiction. *Mann*, 2019 WL 267734, at *3.

"The final sub-factor requires the court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address." *Secura Ins. Co. v. Gray Constr., Inc.*, 661 F. Supp. 2d 721, 730 (W.D. Ky. 2009). The Sixth Circuit has held that issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. Concern for public policy, and the position that state courts occupy in best identifying and enforcing such policy, has "been frequently applied in cases of insurance contract interpretation and [the Sixth Circuit] [has] held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers*, 495 F.3d at 273 (collecting cases). Because this dispute involves the interpretation of an insurance policy under Kentucky law, it appears to be more appropriate for a Kentucky court to handle this case, weighing this factor in favor of abstention. *Mann*, 2019 WL 267734 at *4.

All subfactors weigh in favor of dismissal, so this fourth factor does as well.

### D. **Availability of Alternative Remedy**

The Sixth Circuit has stated that the district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Following a split in precedent regarding "the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction[,]" the Sixth Circuit held that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving

consideration of the whole package of option available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

Although Westfield was not allowed to join the pending Hart Circuit Court action, it still has the ability to file a separate declaratory action in state court now,[1] or wait for the resolution of the Hart Circuit Court case, then file suit over its obligations under the insurance contract. The Sixth Circuit in *Scottsdale* found that the availability of these two options "counsel against exercising jurisdiction."[2] So too here, the Court finds that the availability of those remedies tilts toward dismissing this case.

### E. Conclusion

In sum, the third factor weighs neither toward dismissal nor retention. The first, second, fourth and fifth factors, however, favor dismissal of this case. As such, the balance of equities favors dismissal, which is what this Court will do.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 15) is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 4, 2019

cc: counsel of record

---

[1] Westfield would presumably have the option of seeking to consolidate its case with the pending action pursuant to CR 42.01.

[2] The *Scottsdale* Court upheld the district court's retention of jurisdiction over the case because the availability of those options "d[id] not counsel so strongly against exercising jurisdiction [for the Court to] conclude that the district court abused its discretion." *Scottsdale*, 513 F.3d at 562-63.

9